UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUDOLPH BETANCOURT,

        Plaintiffs,                           Case No. 1:21-cv-10436

v.                                               Honorable Thomas L. Ludington
                                                     United States District Judge

INDIAN HILLS PLAZA LLC,

        Defendant.
_____/

**OPINION AND ORDER (1) GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, (2) GRANTING DEFENDANT'S MOTION TO STAY, (3) STAYING CASE FOR 120 DAYS, AND (4) DIRECTING THE PARTIES TO FILE SUPPLEMENTAL BRIEFING**

Plaintiff Rudolph Betancourt has filed a motion for partial summary judgment, ECF No. 18, and Defendant Indian Hills Plaza seeks an extended stay of the litigation, ECF No. 19. As explained hereafter, Plaintiff's Motion for Partial Summary Judgment will be granted, Defendant's Motion to Stay will be granted, the case will be stayed for 120 days, and the parties will be directed to file supplemental briefing one week before the stay concludes.

**I.**

This case involves the lack of reasonable disability accommodations at Indian Hills Plaza in Mount Pleasant, Michigan. Defendant Indian Hills Plaza is a shopping center that includes, among others, Dick's Sporting Goods, Big Lots, T.J. Maxx, and Dollar Tree. ECF No. 18 at PageID.65.

In February 2021, Plaintiff filed a complaint alleging that while shopping at the Plaza, he experienced numerous violations of the Americans With Disabilities Act (ADA), 42 U.S.C. § 1202 *et seq.*, and Michigan's Persons With Disabilities Civil Rights Act (MPDCRA), MICH. COMP.

LAWS § 37.1101 *et seq.*, prohibiting or impeding his access to "the shopping plaza, its parking area, paths of travel, and tenant spaces." *See* ECF No. 18 at PageID.66. *See generally* ECF No. 1.

On December 13, 2021, Defendant's expert, David Pedraza, visited the Plaza to assess the alleged violations and create an ADA-compliance report. ECF No. 18 at PageID.66–67. Defendant timely provided Pedraza's report to Plaintiff. *Id.* at PageID.67.

Two months later, Plaintiff filed a motion for partial summary judgment. ECF No. 18. The same day, Defendant filed a motion to stay. ECF No. 19.

Six days later, the parties met with the undersigned for a settlement conference. *See* ECF No. 15. The parties' discussion reflected substantial agreement on the repairs and changes needed at the Plaza. They also discussed Defendant's request to stay the case for one year to remediate the violations. And the parties agreed to promptly meet and confer on Plaintiff's attorney's fees in order to avoid unnecessary legal expense in so far as the expert reports demonstrated substantial consensus.

For reasons that are not clear, the parties apparently changed course. Plaintiff filed a response emphasizing his interest in effectuating the conditions agreed at the settlement conference. *See* ECF No. 20 at PageID.330–32. Defendant then filed a response that does not contest Plaintiff's request for summary judgment but requests a stay because it believes Plaintiff is racking up excessive attorney's fees and litigation costs. *See* ECF No. 21 at PageID.356. Defendant elaborates that a stay is warranted because it "has started remediating the property." *Id.* at PageID.354.

## II.

### A.

A motion for summary judgment should be granted if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant has the initial burden of "identifying those portions of [the record that] it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The nonmovant must show more than "some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the "mere existence of a scintilla of evidence" in support of the nonmovant does not establish a genuine issue of material fact. *Liberty Lobby*, 477 U.S. at 252.

The court must view the evidence and draw all reasonable inferences in favor of the nonmovant and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251–52; *see Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018).

Summary judgment will be granted if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. But summary judgment will be denied "[i]f there are . . . 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (citation omitted).

**B.**

Plaintiff contends that there is no genuine dispute of fact regarding 17 of the 28 ADA violations he alleges. *See* ECF No. 18 at PageID.67 (citing ECF No. 1 at PageID.4–7). Specifically, Plaintiff explains that Defendant's expert report "confirms all of the ADA violations alleged in paragraph 12, subparagraphs a through bb, of the Complaint herein, with the exceptions of subparagraphs d, i, l, m, n, o, q, r, v, x, and aa." *Id.* at PageID.67. As such, Plaintiff concludes, he is entitled to summary judgment over the ADA violations the parties do not contest.

Defendant responds that "[r]ather than enter summary judgment, this Court should exercise its inherent power to stay this case pending remediation as Plaintiff's counsel's actions are contrary to the spirit and purpose of the ADA." ECF No. 21 at PageID.357. Defendant neither adds to nor contests Plaintiff's argument regarding the lack of genuine dispute regarding the 17 violations. Defendant, in effect, requests this Court to stay the case to give Defendant time to avoid liability by remediating ADA violations to which it has already admitted.

After reviewing the parties' papers and the expert reports in question, this Court finds that there is no genuine dispute of material fact regarding the 17 ADA violations Plaintiff addresses. Each count will be addressed in turn.

Paragraph 12(a) of Plaintiff's Complaint contends that the bottom of some of Defendant's curb ramps contain changes in level exceeding 1/4 inch. ECF No. 1 at PageID.4. Section 303.2 of the 2010 ADA Standards states: "303.2 Vertical. Changes in level of 1/4 inch (6.4 mm) high maximum shall be permitted to be vertical." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.118.

Paragraph 12(b) of Plaintiff's Complaint contends that the curb ramps at Defendant's property "have flares with slopes" that exceed 10%. ECF No. 1 at PageID.4. Section 406.3 of the

ADA Standards states: "406.3 Sides of Curb Ramps. Where provided, curb ramp flares shall not be steeper than 1:10 [10%]." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.118.

Paragraph 12(c) of Plaintiff's Complaint contends that there are walkways at Defendant's property with a running slope exceeding 5% without any handrails. ECF No. 1 at PageID.4. Section 403.3 of the 2010 ADA Standards states: "403.3 Slope. The running slope of walking surfaces shall not be steeper than 1:20 [5%]. The cross slope of walking services shall not be steeper than 1:48 [2.083333%]." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.122.

Paragraph 12(e) of Plaintiff's Complaint contends that the accessible route connecting the accessible parking area to the accessible walkway contains vertical level changes in excess of 1/4 inch. ECF No. 1 at PageID.4. In addition to § 303.2 cited above, § 206.2.2 of the 2010 ADA Standards states: "206.2.2 Within a Site. At least one accessible route shall connect accessible buildings, accessible facilities, accessible elements, and accessible spaces that are on the same site." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.123.

Paragraph 12(f) of Plaintiff's Complaint contends that the parking stalls and access aisles at Defendant's property contain cross slopes in excess of 2%. ECF No. 1 at PageID.4–5. Section 502.4 of the 2010 ADA standards states: "502.4 Floor or Ground Surfaces. Parking spaces and access aisles serving them shall comply with 302. Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. Exception: Slopes not steeper than 1:48 [2.0833333%] shall be permitted." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.124.

Paragraph 12(g) of Plaintiff's Complaint contends that the parking stalls and access aisles at Defendant's property contain vertical changes in level greater than 1/4 inch in violation of § 303.2. ECF No. 1 at PageID.5. Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.124.

Paragraph 12(h) of Plaintiff's Complaint contends that the "markings and stripings" of the parking stalls and access aisles are dilapidated and in need of maintenance. ECF No. 1 at PageID.5. Section 36.211(a) of the Code of Federal Regulations states: "(a) A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.124.

Paragraph 12(j) of Plaintiff's Complaint contends that the door at the Dollar Tree neither opens 90° nor extends the width of the doorway. ECF No. 1 at PageID.5. Section 404.2.4 of 2010 ADA Standards states: "404.2.4 Maneuvering Clearances. Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the width of the doorway and the required latch side or hinge side clearance." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.129.

Paragraph 12(k) of Plaintiff's Complaint contends that there is a vertical change of level of 5/8 of an inch where the parking lot pavement meets the accessible walkway in violation of § 303.2. ECF No. 1 at PageID.5. Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.130.

Paragraph 12(p) of Plaintiff's Complaint contends that the gripping surface of the rear-wall grab bar at the Dollar Tree men's restroom is obstructed. ECF No. 1 at PageID.6 Section 609.3 of the 2010 ADA Standards states: "609.3 Spacing. The space between the wall and the grab bar shall

be one and a half inches (38 mm). The space between the grab bar and projecting objects below and at the ends shall be one and a half inches (38 mm) minimum. The space between the grab bar and projecting objects above shall be 12 inches (305 mm) minimum." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.133.

Paragraph 12(s) of Plaintiff's Complaint contends that the interior accessible routes at the Big Lots on Defendant's property do not provide 36 inches of clear width for the walking surfaces in the retail aisles for furniture. ECF No. 1 at PageID.6. Section 403.5.1 of the 2010 ADA Standards states: "403.5.1 Clear Width. Except as provided in 403.5.2 and 403.5.3, the clear width of walking surfaces shall be 36 inches (915 mm) minimum." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.134.

Paragraph 12(t) of Plaintiff's Complaint that the restroom-stall door in the Big Lots men's restroom is not self-closing. ECF No. 1 at PageID.6. Section 604.8.1.2 of the 2010 ADA Standards states: "604.8.1.2 Doors. The door shall be self-closing. A door pull complying with 404.2.7 shall be placed on both sides of the door near the latch. Toilet compartment doors shall not swing into the minimum required compartment area." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.135.

Paragraph 12(u) of Plaintiff's Complaint contends that the Big Lots men's restroom-stall door does not provide a U-pull on the outside or inside of the stall door in violation of § 604.8.1.2. ECF No. 1 at PageID.6. Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.135.

Paragraph 12(w) of Plaintiff's Complaint that the lavatory drain pipe and water lines at the Big Lots men's restroom are exposed. ECF No. 1 at PageID.6. Section 606.5 of 2010 ADA Standards states: "606.5 Exposed Pipes and Surfaces. Water supply and drain pipes under

lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.136.

Paragraph 12(y) of Plaintiff's Complaint contends that the flush control on the toilet in the accessible stall in the Big Lots men's restroom is located on the closed side of the water closet. ECF No. 1 at PageID.6. Section 604.6 of the 2010 ADA Standards states: "604.6 Flush Controls. Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.137.

Paragraph 12(z) of Plaintiff's Complaint contends that the sidewall grab bar in the accessible-toilet compartment of the Big Lots men's restroom at Defendant's property does not extend at least 54 inches from the rear wall. ECF No. 1 at PageID.7. Section 604.5 .1 of the 2010 ADA Standards states: "604.5.1 Side Wall. The side wall grab bar shall be 42 inches (1065 mm) long minimum, located 12 inches (305 mm) maximum from the rear wall and extending 54 inches (1370 mm) minimum from the rear wall." Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.138.

Paragraph 12(bb) of Plaintiff's Complaint contends that that the accessible features of Defendant's facility are not maintained in violation of 28 C.F.R. § 36.211(a). ECF No. 1 at PageID.7. Defendant's expert "Confirms this Complaint Item." *See* ECF No. 18-2 at PageID.139.

In other words, the parties agree, and there is therefore no genuine dispute of material fact, regarding subparagraphs a, b, c, e, f, g, h, j, k, p, s, t, u, w, y, z, and bb of paragraph 12 of Plaintiff's Complaint. Consequently, Plaintiff's Motion for Partial Summary Judgment will be granted.

### III.

Defendant filed a motion to stay. ECF No. 19. Specifically, Defendant requests until December 2022 to "remediate each of the alleged violations raised in Plaintiff's Complaint." *Id.* at PageID.149. To that end, Defendant's request invokes this Court's "inherent power to stay the case." *Id.* at PageID.156.

This Court has the inherent authority to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants."). The exercise of such authority is within the court's discretion. *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

Defendant alleges that it needs until December 2022 to remediate the ADA violations, solely based on the affidavit of its general counsel. *See* ECF No. 19 at PageID.157–58 (citing ECF No. 19-6). But Defendant has not offered any substantive evidence corroborating the claims of its lawyer—who does not purport to specialize in construction—not even the name of a company that might carry out Defendant's remediation efforts.

Yet Defendant has demonstrated the pressing need for time to comply with the ADA requirements and to direct as many resources to the project as possible.

For these reasons, Defendant has demonstrated a need for a stay, and Defendant's Motion to Stay will therefore be granted. Consequently, the case will be stayed for 120 days.

### IV.

Finally, because there are 11 remaining alleged ADA violations and the alleged violations of the MPDCRA, the parties will be directed to attend a status conference one week before the

stay ends. To that end, the parties will be directed to file supplemental briefing. Plaintiff will be directed to address the remaining 11 ADA violations. Defendant will be directed to file a summary of its remediation accomplishments during the stay.

V.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Partial Summary Judgment, ECF No. 18, is **GRANTED**.

Further, it is **ORDERED** that Defendant's Motion to Stay, ECF No. 19, is **GRANTED**.

Further it is **ORDERED** that the case is **STAYED** for 120 days (i.e., until July 2, 2022).

Further, it is **ORDERED** that the parties are **DIRECTED** to attend a status conference on July 13, at 3:00 PM EDT.

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to file supplemental briefing. Plaintiff must address its position regarding the remaining 11 ADA violations. Plaintiff's brief will be no longer than 15 pages and is due **on or before July 7, 2022**.

Further, it is **ORDERED** that Defendant is **DIRECTED** to file supplemental briefing. Defendant must summarize its remediation of the required improvements during and any attempted or completed improvements related to the remaining allegations. Defendant's brief will be no longer than 15 pages and is due **on or before July 7, 2022**.

Dated: March 4, 2022                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge