UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUDOLPH BETANCOURT,

       Plaintiffs,                        Case No. 1:21-cv-10436

v.                                           Honorable Thomas L. Ludington
                                               United States District Judge

INDIAN HILLS PLAZA LLC,

       Defendant.
_____/

**OPINION AND ORDER STAYING CASE *SUA SPONTE***

Four months ago, partial summary judgment was granted on 17 of Plaintiff's 28 ADA ("Americans with Disabilities Act") claims. *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 662278, at *2–4 (E.D. Mich. Mar. 4, 2022). The claims involved, among numerous other issues, the parking and curb-ramp compliance at Defendant's shopping plaza. *Id.* Genuine questions of fact remained with respect to the other 11 ADA claims and a claim brought under Michigan's Persons with Disabilities Civil Rights Act (MPDCRA). *Id.* at *5.

On Defendant's motion, the case was stayed for 120 days for Defendant to "remediate each of the alleged violations." *Id.* at *4. The parties were directed to submit supplemental briefing addressing their positions on the remaining claims. *Id.* at *5.

Defendant made substantial remediation efforts during the stay. Four days after the stay, it contacted a civil-engineering firm that could not begin the project "until fall 2022 due to ongoing labor shortages and supply chain disruption." ECF No. 26 at PageID.393. A second firm was "not interested," a third was "unable to assist . . . due to current workload," and a fourth could not meet the requested timeline. *Id.* Two other firms are willing but cannot "begin until August 2022." *See id.* Defendant also contacted numerous "asphalt contractors," but none accepted the engagement.

*See id.* at PageID.393–94. Defendant also discussed the remediation project with Union Township, which must review and approve the engineer's site plan. *Id.* at 394. That process is underway. *Id.*

The stay concluded, and the parties submitted their briefing as directed. According to Plaintiff, "the 11 disputed ADA violations have either been remedied by the Defendant since the filing of these proceedings, or are de minimis or have been otherwise resolved." ECF No. 25 at PageID.390. For those reasons, "Plaintiff withdraws any such claims regarding these 11 remaining items" and suggests that a judgment be entered to direct Defendant's completion of the improvements and to dismiss the case. *See id.* Defendant, on the other hand, contends that it has not remediated any of the violations, which cannot "be completed by July 2022," and therefore requests another 120-day stay. ECF No. 26 at PageID.393.

That is, Defendant requests 120 days to screed its remaining violations. Muddying the mixture, Plaintiff interjects a confusing concession of the remaining claims for which genuine questions of fact remain. In essence then—despite the triable questions of fact regarding the MPDCRA claim and 11 alleged ADA violations—rather than dismissing his claims by stipulation, *see* FED. R. CIV. P. 41(a)(1)(A)(ii), or by requesting leave, *see* FED. R. CIV. P. 41(a)(2), Plaintiff suggests that this Court dismiss the case *sua sponte*, *see* FED. R. CIV. P. 41(b).

This Court may not, however, dismiss the case *sua sponte*. Although Plaintiff has not identified any legal authority for his request, there generally are three circumstances in which a federal trial court may dismiss a case *sua sponte*: (1) want of prosecution, (2) failure to comply with the rules of civil procedure or a court's orders, and (3) lack of subject-matter jurisdiction. *See, e.g.*, *Trest v. Cain*, 522 US 87 (1997); *Carlisle v. United States*, 517 U.S. 416 (1996); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (holding that *sua sponte* dismissals for lack of subject-matter jurisdiction require "the allegations of a complaint [to be] totally

implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974))). Plaintiff has not failed to prosecute his claims. Nor has he failed to comply with any pertinent rules or court orders. And as explained above, questions of fact persist with respect to his 12 pending claims, which remain viable. Thus, contrary to his assertion, "the only remaining issue needing to be addressed by this Court is [*not*] the matter of the Plaintiff's attorney's fees and costs." ECF No. 25 at PageID.390.

This Court has the inherent authority to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel[,] and for litigants."). Exercising such authority is within the court's discretion. *Ohio Env't Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).

Defendant has demonstrated a pressing need for another stay by casting ample evidence of its inability to cure its proven (i.e., conceded) and alleged violations. *See, e.g.*, ECF No. 26-1 at PageID.404; 26-2 at PageID.406. Further, a stay would avoid economic waste from occurring while the only remaining issue (i.e., Defendant's remediation efforts) is resolved. For these reasons, the case will be stayed for 140 days—until December 5, 2022.

Finally, because genuine questions of fact remain with respect to Plaintiff's alleged MPDCRA claim and 11 alleged ADA claims, the parties will be directed to attend a status conference before the stay ends. To that end, the parties will be directed, once again, to file supplemental briefing. Plaintiff will be directed to address his remaining MPDRCA claim and the 11 ADA claims. And Defendant will be directed to file a summary of its efforts during the stay.

Accordingly, it is **ORDERED** that the case is **STAYED until December 5, 2022**, or until further order of this Court.

Further, it is **ORDERED** that the parties are **DIRECTED** to attend a telephonic status conference **on November 28, 2022**, at **2:00 PM EDT.**

Further, it is **ORDERED** that Plaintiff is **DIRECTED** to file supplemental briefing. Plaintiff must address its position regarding his remaining MPDCRA claim and 11 ADA claims. His brief may be no longer than 15 pages and is due **on or before November 23, 2022**.

Further, it is **ORDERED** that Defendant is **DIRECTED** to file supplemental briefing. Defendant must summarize its remediation efforts during the stay and any attempted or completed improvements related to the remaining claims. Defendant's brief may be no longer than 15 pages and is due **on or before November 23, 2022**.

Dated: July 18, 2022          s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge