UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUDOLPH BETANCOURT,

          Plaintiff,                              Case No. 1:21-cv-10436

v.                                        Honorable Thomas L. Ludington
                                               United States District Judge

INDIAN HILLS PLAZA LLC,

          Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION**

After a 120-day stay, Defendant requested 120 additional days to remediate numerous violations of the Americans with Disabilities Act and Michigan's Persons with Disabilities Civil Rights Act. *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391, at *1 (E.D. Mich. July 18, 2022). Defendant's request was granted. *Id.* at *2.

Plaintiff, however, requested a *sua sponte* dismissal of the case—despite 12 pending claims with triable questions of fact. *Id.* at *1. His request was denied. *Id.* at *2.

Three days later, he filed a motion for reconsideration. ECF No. 29. He argues that this Court should enter "a final judgment" on the resolved claims "with a reservation on the Plaintiff's attorney's fees and costs." *Id.* at PageID.442.

Motions for reconsideration of nonfinal orders are disfavored and may be granted in only three circumstances: (1) a mistake that changes the outcome of the prior decision, (2) an intervening change in controlling law that warrants a different outcome, or (3) new facts that warrant a different outcome. E.D. Mich. LR 7.1(h)(2). Plaintiff has not cited any new facts or intervening law. *See generally* ECF No. 29.

Plaintiffs' Motion for Reconsideration merely infers that this Court made a mistake by not entering "an enforceable judgement [sic] on the merits." *Id.* at PageID.445.

That argument does not warrant reconsideration because this Court already considered and rejected it by implication. Plaintiff previously asked this Court to dismiss his outstanding claims *sua sponte* so that he could recover attorney's fees for the claims that were resolved in his favor. *See Betancourt*, 2022 WL 3234391, at *1 ("[C]ontrary to his assertion, 'the only remaining issue needing to be addressed by this Court is [*not*] the matter of the Plaintiff's attorney's fees and costs.'" (quoting ECF No. 25 at PageID.390)). In denying that request, this Court explained that Plaintiff could seek attorney's fees if he "dismiss[ed] his remaining claims by stipulation or by requesting leave [to dismiss his remaining claims]." *Id.* A reasonable inference of that denial is that Plaintiff could have simply filed a motion for attorney's fees, which he has yet to do. Accordingly, his Motion will be denied. *See Fischer v. United States*, No. 1:19-CV-13020, 2022 WL 188126, at *1 (E.D. Mich. Jan. 19, 2022) ("A motion for reconsideration that merely reasserts the same facts and legal arguments previously asserted is not proper unless there was some defect in the first hearing by which the court and the parties have been misled.") (collecting cases).

For these reasons, Plaintiff's Motion for Reconsideration will be denied.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 29, is **DENIED**.

Dated: August 18, 2022                                    s/Thomas L. Ludington
                                                          THOMAS L. LUDINGTON
                                                          United States District Judge