UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUDOLPH BETANCOURT,

       Plaintiff,                          Case No. 1:21-cv-10436

v.                                          Honorable Thomas L. Ludington
                                                  United States District Judge

INDIAN HILLS PLAZA LLC,

       Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Plaintiff sued Defendant for violations of the Americans with Disabilities Act (ADA) and Michigan's Persons with Disabilities Civil Rights Act (MPDCRA). After Plaintiff obtained an order for partial summary judgment on 17 of his 28 ADA claims, he repeatedly sought to dismiss his remaining 12 claims to obtain attorney's fees, claiming that Defendant remediated the violations or that they were otherwise "de minimis."

After stipulating with Defendant to dismiss his remaining claims—and without proof of any remediation—Plaintiff filed a motion for attorney's fees claiming that he is a "prevailing party." In Plaintiff's view, he deserves attorney's fees for Defendant's ADA violations even though they have not been remediated. In Defendant's view, Plaintiff is not entitled to attorney's fees because Defendant voluntarily agreed to remediate the violations.

The question presented is whether a plaintiff is entitled to attorney's fees for a defendant's voluntary and incomplete remediation efforts of confirmed ADA violations.

**I.**

This case involves the lack of reasonable disability accommodations at Indian Hills Plaza in Mount Pleasant, Michigan. Defendant Indian Hills Plaza is a shopping center that includes,

among others, Dick's Sporting Goods, Big Lots, T.J. Maxx, and Dollar Tree. ECF No. 18 at PageID.65.

In February 2021, Plaintiff filed a complaint alleging that, while shopping at the Plaza, he experienced 28 violations of the ADA, 42 U.S.C. § 1202 *et seq.*, and a violation of the MPDCRA, MICH. COMP. LAWS § 37.1101 *et seq.*, thus prohibiting or impeding his access to "the shopping plaza, its parking area, paths of travel, and tenant spaces." *See* ECF No. 18 at PageID.66. *See generally* ECF No. 1.

Defendants' July 14, 2021 Answer largely denied "knowledge or information sufficient to form a belief" on Plaintiff's allegations. *See* ECF No. 12 at PageID.33. Defendant apparently made similar denials in its discovery responses. *See* ECF No. 32 at PageID.461. But Defendant's expert report, disclosed on December 28, 2021, acknowledged 17 of the 28 alleged ADA violations at the Plaza. *See id.* at 462–63; *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 662278, at *1 (E.D. Mich. Mar. 4, 2022) (citing ECF No. 18 at PageID.66–67). Yet Defendant did not seek to amend its Answer.

Based on the 17 undisputed ADA violations in the parties' expert reports, Plaintiff filed a motion for partial summary judgment, which was granted. *Betancourt*, 2022 WL 662278, at *2. To that end, Plaintiff requested this Court to "reserve [judgment] on any remaining ADA violations." ECF No. 18 at PageID.67–68. Rather than concede liability in response to the motion, Defendant requested a stay for time to remediate all 29 claims, which was granted to save litigation expenses. *Betancourt*, 2022 WL 662278, at *5.

After the stay concluded, the parties told conflicting stories. According to Plaintiff, "the 11 disputed ADA violations ha[d] either been remedied by the Defendant since the filing of these proceedings, or [we]re de minimis or ha[d] been otherwise resolved." ECF No. 25 at PageID.390.

Defendant, on the other hand, maintained that it had not remediated any of the violations, which could not "be completed by July 2022," thus requesting another 120-day stay. ECF No. 26 at PageID.393; *see also Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391, at *1 (E.D. Mich. July 18, 2022) (demonstrating "substantial remediation efforts during the stay," which were still "underway" (citations omitted)).

With nothing remediated, Plaintiff requested a *sua sponte* dismissal of the case so that he could recover attorney's fees for the 17 confirmed ADA violations. *Betancourt*, 2022 WL 3234391, at *1.

In denying Plaintiff's request, this Court explained that it could not *sua sponte* dismiss the case, because "questions of fact persist[ed] with respect to his 12 [remaining] claims." *Id.* ("[C]ontrary to [Plaintiff's] assertion, 'the only remaining issue needing to be addressed by this Court is [*not*] the matter of the Plaintiff's attorney's fees and costs.'" (quoting ECF No. 25 at PageID.390)). Defendant received 140 more days "to cure its proven (i.e., conceded) and alleged violations." *Id.* at *2.

Three days later, Plaintiff filed a motion for reconsideration. ECF No. 29. He requested "a final judgment" on the resolved claims "with a reservation on the Plaintiff's attorney's fees and costs." *Id.* at PageID.442. That is, Plaintiff was again asking this Court to dismiss the case—despite the merits of his 12 remaining claims—so that he could seek attorney's fees while dodging responsibility for ensuring remediation of the remaining violations that he brought before this Court.

His motion was denied. *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3568986, at *1 (E.D. Mich. Aug. 18, 2022) ("That argument does not warrant reconsideration because this Court already considered and rejected it by implication.").

In his third attempt to obtain attorney's fees without ensuring remediation, Plaintiff submitted a stipulated order dismissing the remaining claims without prejudice, ECF No. 31, followed by a motion for attorney's fees for the 17 claims that were decided in his favor, ECF No. 32. Meanwhile, the case is stayed until December 5, 2022, and the parties are due to brief this Court on the status of Defendant's remediation efforts on November 23, 2022. *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391, at *2 (E.D. Mich. July 18, 2022).

It is presumed, given the time extended to Defendant, that the repairs will be timely completed.

## II.

The ADA provides that "[i]n any action . . . commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 12205.

Plaintiffs are "'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citation omitted). "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties," *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989), such that "the defendant's behavior [is modified] in a way that directly benefits the plaintiff," *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). But a "technical victory may be so insignificant . . . as to be insufficient to support prevailing party status." *Tex. State Tchrs. Ass'n*, 489 U.S. at 792.

But an ADA plaintiff is not entitled to attorney's fees if the defendant has neither remediated the violations nor been obligated to do so by "a judgment, consent decree[,] or settlement obtained through the judicial process." *Dillery v. City of Sandusky*, 398 F.3d 562, 569

(6th Cir. 2005), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 n.1 (6th Cir. 2015). Without the defendant's completed or required remediation, the plaintiff has "obtained no relief," so "the only reasonable attorney's fees are none at all." *Id.*; *accord Whitaker v. Aguilar*, No. 21-CV-06897-EMC, 2022 WL 3099223, at *6–7 (N.D. Cal. Aug. 4, 2022) (collecting cases); *see also Disabled Patriots of Am., Inc. v. Taylor Inn Enters.*, 424 F. Supp. 2d 962, 964 (E.D. Mich. 2006) ("[S]uch [remediations] must carry some judicial *imprimatur*, not merely be the result of a defendant's voluntary conduct."); Jeffrey A. Van Detta, *"For the Love of God! Open This Door!": Individual Rights Versus Public Safety Under the "Direct Threat" Standard of the Americans with Disabilities Act After Three Decades of Litigation*, 6 BELMONT L. REV. 147, 172 (2019) (noting that the ADA is "fundamentally and functionally" different from "all other discrimination laws" in that it "creates an affirmative duty . . . to provide reasonable accommodations").

Neither party has proved that the confirmed or alleged violations have been remediated. *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391, at *1 (E.D. Mich. July 18, 2022) (detailing Defendant's "substantial" yet unbegun "remediation efforts"); *see also* ECF No. 26 at PageID.393 (requesting "an additional 120-day stay" because "remediation [would] not be completed by July 2022"). Nor is Defendant obligated to do so. *See Betancourt*, 2022 WL 3234391, at *1 (granting Defendant's motion to stay case so that it can voluntarily "remediate each of the alleged violations"); ECF No. 31 (stipulating to dismiss the remaining claims without mentioning remediation). Simply put, Plaintiff is not entitled to attorney's fees unless Defendant completes remediation or is required to do so by order of this Court. Therefore, Plaintiff is not—at this time—a "prevailing party" under the ADA and his motion must be denied. 42 U.S.C. § 12205.

Notably, even if remediation was ordered or completed, Plaintiff has not sufficiently substantiated his claim to attorney's fees. Plaintiff bears the burden of "documenting [his] work" to justify his entitlement to attorney's fees and costs. *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 617 (6th Cir. 2007). To that end, he must "submit evidence supporting the hours worked and rates claimed" or "the . . . court may reduce the award accordingly." *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015) (per curiam) (unpublished) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "This burden is generally satisfied through the submission of invoices and billing records," *Hardy v. United States*, 157 Fed. Cl. 464, 470 (2021) (citation omitted), containing "sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation," *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008) (citation omitted). Although Plaintiff boasts that he is entitled to more than $60,000 in attorney's fees, he has not submitted any invoices, billing records, affidavits, or any other detail that would enable this Court to determine whether the hours, fees, or expenses are reasonable for any individual item invoiced. *See generally* ECF No. 32. Thus, at this juncture, it is less than clear whether Plaintiff's would have any merit on his claim for attorney's fees as submitted.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs, ECF No. 32, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

Dated: October 17, 2022                                  s/Thomas L. Ludington
                                                         THOMAS L. LUDINGTON
                                                         United States District Judge