UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RUDOLPH BETANCOURT,

        Plaintiff,   Case No. 1:21-cv-10436

v.   Honorable Thomas L. Ludington
United States District Judge

INDIAN HILLS PLAZA LLC,
Honorable Patricia T. Morris
        Defendant.   United States Magistrate Judge
_____/

**OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AND ATTORNEY'S FEES, DENYING AS MOOT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND MOTION FOR REFERRAL, DENYING PLAINTIFF'S MOTION FOR SANCTIONS, AND DIRECTING DEFENDANT TO REMEDIATE ADA VIOLATIONS**

Although Defendant conceded its need to remediate 17 violations of the Americans with Disabilities Act and was provided a nine-month stay to do so voluntarily, it did not. Now the Parties agree that a final judgment should be entered that directs Defendant to complete remediations. So a final judgment will be entered directing remediation, determining Plaintiff's entitlement to reimbursement for expenses and attorney's fees, and denying Plaintiff's request for sanctions.

I.

In February 2021, Plaintiff Rudolph Betancourt, a resident of Fenwick, Michigan, sued Defendant Indian Hills Plaza, alleging that while shopping at the Plaza, he experienced 28 violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 1202 *et seq.*, and a violation of Michigan's Persons with Disabilities Civil Rights Act (MPDCRA), MICH. COMP. LAWS § 37.1101 *et seq.*, prohibiting or impeding his access to "the shopping plaza, its parking area, paths of travel, and tenant spaces." *See* ECF No. 18 at PageID.66. *See generally* ECF No. 1. The Plaza is in Mount Pleasant, Michigan, less than 50 miles from Plaintiff's house. *See id.* at PageID.2.

Plaintiff, however, retained the law firm of Fuller, Fuller & Associates, P.A., located in North Miami, Florida—more than 1,475 driving miles from the Plaza according to Google Maps.[1] ECF No. 6.

In March 2022, this Court granted Plaintiff's Motion for Partial Summary Judgment, deciding 17 of the 28 ADA violations in Plaintiff's favor because "Defendant's expert report 'confirm[ed those] ADA violations.'" *Betancourt v. Indian Hills Plaza LLC*, 589 F. Supp. 3d 729, 731 (E.D. Mich. 2022).

But a final judgment was not entered. Defendant explained the difficulties of securing the necessary permits and contractors to remediate the violations, given the COVID-19 pandemic, and therefore requested a stay to remediate the ADA violations without the Parties incurring additional attorney's fees and expenses. ECF No. 19.

Rather than enter final judgment, this Court stayed the case for 276 days. The case was first stayed on March 4, 2022. *Betancourt*, 589 F. Supp. 3d at 734. Meanwhile, Plaintiff voluntarily dismissed the remaining 11 ADA claims and the MPDCRA claim, conceding the merit and materiality of the claims, and then sought attorney's fees under 42 U.S.C. § 12205 for the 17 ADA violations that Defendant acknowledged. ECF No. 31. But that request was denied because Defendant "ha[d] neither remediated the violations nor been obligated to do so by 'a judgment, consent decree[,] or settlement obtained through the judicial process.'" *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 9914363, at *2 (E.D. Mich. Oct. 17, 2022) (second alteration in original) (citation omitted).

---

[1] *Boyce Motor Lines v. United States*, 342 U.S. 337, 344 (1952) (Jackson, J., dissenting) ("We may, of course, take judicial notice of geography."); Jeffrey Bellin, Andrew Guthrie Ferguson, *Trial by Google: Judicial Notice in the Information Age*, 108 Nw. U. L. Rev. 1137, 1162 (2014) ("Courts often rely on Google Maps to establish the distance between two geographic points (e.g., a defendant's location and the scene of the crime) referenced in the litigation." (collecting cases)).

The stay was lifted on December 5, 2022. *See Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391 (E.D. Mich. July 18, 2022) (staying case until December 5, 2022), *recons. denied*, No. 1:21-CV-10436, 2022 WL 3568986 (E.D. Mich. Aug. 18, 2022). Although Defendant has offered various reasons for the delay and made some progress, it has not completed the remediation.

A week after the stay was lifted, Plaintiff filed a motion for entry of final judgment under Federal Rule of Civil Procedure 54(b) and reasonable attorney's fees under 42 U.S.C. § 12205. ECF No. 38. Plaintiff filed a second motion for attorney's fees a week later. ECF No. 39. Then he filed a motion for sanctions against Defendant. ECF No. 43.

Then, Defendant filed a notice that it has completed remediation on all but 8 of its confirmed ADA violations, and that its voluntary efforts to remediate the 11 ADA violations that Plaintiff voluntarily dismissed are "well underway." *See* ECF No. 44 at PageID.862–63. Thus, only nine of the confirmed ADA violations need remediation.

## II.

District courts "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).

An ADA plaintiff is entitled to attorney's fees if the defendant either remediated the violations or was ordered to do so by "a judgment, consent decree[,] or settlement obtained through the judicial process." *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 n.1 (6th Cir. 2015); *see also Disabled Patriots of Am., Inc. v. Taylor Inn Enters.*, 424 F. Supp. 2d 962, 964 (E.D. Mich. 2006) ("[S]uch [remediations] must carry some judicial imprimatur, not merely be the result of a

defendant's voluntary conduct."); Trevor W. Morrison, *Private Attorneys General and the First Amendment*, 103 MICH. L. REV. 589, 622 (2005) (explaining that awarding attorney's fees to the "prevailing party" of the "privately enforceable" ADA "increase[s] the likelihood that private parties would be the effective enforcement instruments" rather than the Government).

There is no just reason to delay entry of final judgment. Defendant has had months "to screed its remaining violations." *See Betancourt*, 2022 WL 3234391, at *1. Defendant has acknowledged its need to remediate all the violations and has completed remediation of all but nine of them. For that reason, Defendant will be directed to remediate the nine remaining ADA violations, which were resolved in Plaintiff's favor after Defendant conceded liability. Accordingly, this Court will enter a final judgment on them. *See* FED. R. CIV. P. 54(b); *Carpenter v. Liberty Ins.*, 850 F. App'x 351, 355 (6th Cir. 2021) (outlining "[a] nonexhaustive list of factors" that governs "a Rule 54(b) determination" (citing *Corrosioneering, Inc. v. Thyssen Env't Sys.*, 807 F.2d 1279, 1282 (6th Cir. 1986))). Therefore, Plaintiff is entitled to attorney's fees for 17 ADA claims. Because Defendant will be directed to remediate the ADA violations, all of which have been resolved in Plaintiff's favor, Plaintiff is a "prevailing party" under the ADA regarding those 17 claims. 42 U.S.C. § 12205; *Dillery*, 398 F.3d at 569.

The only remaining issues are the amount of attorney's fees to which Plaintiff is entitled and whether Defendant should be sanctioned.

**III.**

Having concluded that Plaintiff is entitled to attorney's fees, this Court's primary concern is that the fee awarded be reasonable. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The starting point for calculating a reasonable fee is the familiar "lodestar" approach, which multiplies

the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*; *see also Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

### A.

The moving party must demonstrate that the requested hourly rates are reasonable. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The reasonable rate is determined by the rates in the relevant market: "the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation." *Project Vote v. Blackwell*, No. 1:06-CV-1628, 2009 WL 917737, at *5 (N.D. Ohio Mar. 31, 2009) (citing *Johnson v. City of Clarksville*, 256 F. App'x 782, 783 (6th Cir. 2007)). The relevant market is "the venue of the court of record," not the "geographical area wherein [counsel] maintains his office and/or normally practices." *Adcock–Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). In determining the reasonable rate, the court may consider a party's submissions, fee-award studies, and its own knowledge and experience. *Mikolajczyk v. Broadspire Servs.*, 499 F. Supp. 2d 958, 965 (N.D. Ohio 2007); *see also* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 35–36 (2022) (urging courts not to draw inferences that are "neither reasonable nor logical").

Plaintiff initially made no effort to explain the reasonableness of out-of-state counsel's $425 fee or local counsel's $300 fee. *See generally* ECF Nos. 38; 39. Then he averred that he has eight years of experience in ADA cases and that he bills more in ADA cases because federal litigation is more complex than state litigation. *See* ECF No. 42 at PageID.837.

The hourly rate for a public-benefits attorney in Michigan is $150 per hour for the 25th percentile, $265 for the 75th percentile, and $350 for the 95th percentile. *See Burgett v. Kijakazi*, No. 1:18-CV-13940, 2023 WL 2065666, at *1 (E.D. Mich. Feb. 15, 2023) (citing STATE BAR OF

Michigan, Economics of Law Practice in Michigan 11 (2020), https://www.michbar.org/file/pmrc/articles/0000156.pdf [https://perma.cc/8KLR-DD8D]).

The relevant work in this case warrants the 25th percentile: $150 per hour. The attorney time invested was less than productive, took more time than was reasonably necessary, and demonstrated less than desirable quality and legal acumen. *See, e.g.*, *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 3234391, at *1 (E.D. Mich. July 18, 2022) ("Muddying the mixture, Plaintiff interjects a confusing concession of the remaining claims for which genuine questions of fact remain."), *recons. denied*, No. 1:21-CV-10436, 2022 WL 3568986, at*1 (E.D. Mich. Aug. 18, 2022) ("A reasonable inference of that denial is that Plaintiff could have simply filed a motion for attorney's fees, which he has yet to do."); *Betancourt v. Indian Hills Plaza LLC*, No. 1:21-CV-10436, 2022 WL 9914363, at *3 (E.D. Mich. Oct. 17, 2022) ("Although Plaintiff boasts that he is entitled to more than $60,000 in attorney's fees, he has not submitted any invoices, billing records, affidavits, or any other detail that would enable this Court to determine whether the hours, fees, or expenses are reasonable for any individual item invoiced."). And at least four different courts have admonished, reprimanded, or sanctioned Fuller for his practices in ADA litigation, though he had little involvement here. ECF No. 19 at Page.ID.163–64. For falling short of the desired standards for productivity and quality, the hourly rate will be reduced to $150.

**B.**

The moving party must also prove that the hours invested in the case were reasonable. *Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Plaintiff's counsel must make a good faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. The district court should thus exclude any hours improperly submitted. *Id.* The supporting documentation "must be

of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended." *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008).

In reducing unreasonable hours, courts may "utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions." *Project Vote v. Blackwell*, No. 1:06-CV-01628, 2009 WL 917737, at *6 (N.D. Ohio Mar. 31, 2009) (citing *All. Int'l v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005)); *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986) (affirming "across the board reductions" of 50%).

Having reviewed Plaintiff's affidavit and invoices, a 20% reduction is warranted. *See* ECF Nos. 39-5 at PageID.692–709; 42. Plaintiff averred that "the fees and costs being requested herein are admittedly larger than most garden variety ADA cases," arguing it is due to Defendant opposing his request for attorney's fees and not immediately conceding liability. ECF No. 42 at PageID.838. But Plaintiff cites no controlling law requiring Defendant to concede liability or to agree with his request for attorney's fees. On the contrary, Defendant's responses to Plaintiff's numerous and untimely requests for attorney's fees were well grounded in the law and facts of this case. *See generally* ECF Nos. 21; 33; 40. Although Plaintiff's Counsel could have waited until the case resolved to seek fees and costs, the record suggests they were primarily motivated to seek fees and costs as quickly as possible. Indeed, most of Plaintiff's Counsel's recorded time is dated after Defendant began to remediate the violations voluntarily in December 2021—a process that is near completion. And some of Plaintiff's work demonstrated a lack of familiarity with the Local Rules and less than optimal use of local counsel. For these reasons, Plaintiff's acknowledged increased billing will be reduced from 118.30 hours to 94.64 hours—a 20% reduction.

As indicated, the lodestar award here is $150.00 multiplied by 94.64 hours: $14,196.00.

## C.

There is "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *see also Bldg. Serv. Loc. 47 Cleaning Contrs. Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

After determining the lodestar, however, the court may adjust it by a multiplier or percentage to ensure that the ultimate award is reasonable under the *Johnson* factors:

> (1) the time and labor required by a given case;
> (2) the novelty and difficulty of the questions presented;
> (3) the skill needed to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

*Reed v. Rhodes*, 179 F.3d 453, 471–72 & n.3 (6th Cir. 1999) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Although the *Johnson* factors are often subsumed in the lodestar analysis, they will be addressed hereafter. *See Hensley v. Eckerhart*, 461 U.S. 424, 429–30 & n.3 (1983).

Here, the lodestar amount will be reduced for numerous reasons. Plaintiff filed a boilerplate ADA complaint, initial disclosures, and discovery (replete with typos and references to property not even at issue). *See Disabled Patriots of Am., Inc. v. Taylor Inn Enters.*, 424 F. Supp. 2d 962, 970 (E.D. Mich. 2006) (finding that Mr. Fuller's hours were "excessive" for "not only appear[ing] to overlap with time that would necessarily be spent in the 30 other Disabled Patriots cases, but [also] a number of specific items within th[e] case [we]re redundant"). And Plaintiff did not take a single deposition, file any discovery motions, defend against a motion on the pleadings, or engage

in any type of pretrial activities. Plus, the invoices are not the model of clarity. *See generally* ECF No. 39-5 at PageID.692–709. And Plaintiff did not complete the required affidavit, *see* E.D. Mich. LR 54.1.2(b), until a week after Defendant identified the error for him, *compare* ECF No. 40 at PageID.716 (filed Jan. 4, 2023), *with* ECF No. 42 (filed Jan. 11, 2023).

In the mine run of ADA cases, the plaintiff includes a fairly detailed outline of the violations alleged, which happened here. *See generally* ECF No. 1. In the undersigned's experience, however, most cases are resolved by negotiated agreement soon after the defendant promptly retains a consultant, engineer, architect, or general contractor to access the plaintiff's allegations. But that did not happen here. For whatever reason, perhaps due in part to the three-month delay in service of process, *compare* ECF No. 1, *with* ECF No. 4, Defendant's consultants did not assess the property until November 3, 2021, and Plaintiff did not receive the report until December 28, 2021—some 10 months after the case was filed. ECF No. 40 at PageID.719–20. Then the attorneys spilled a lot of ink that has not been justified by the simple facts and the uncontested nature of the case. Although Plaintiff is the nominal "prevailing party" with respect to 17 of the alleged violations, he is so primarily because Defendant conceded each of the points—not because he prevailed in a contested trial. *Betancourt v. Indian Hills Plaza LLC*, 589 F. Supp. 3d 729, 731 (E.D. Mich. 2022). Indeed, by the same token, Defendant prevailed on 11 of the alleged violations because Plaintiff voluntarily dismissed them as not having merit or otherwise being immaterial. *See* ECF No. 31.

In sum, this case was truly unremarkable, and the lodestar will be reduced from $14,196.00 to $10,000.00.

**D.**

The costs and expenses awarded to a prevailing party must also be reasonable. In civil-rights cases, district courts may award (1) attorney's fees under 42 U.S.C. § 1988, which include photocopying, paralegal expenses, and travel and telephone costs, and (2) third-party costs under 28 U.S.C. § 1920, "which includes docket fees and fees for clerks, marshals, transcripts, printing, witnesses, exemplification, experts, and interpreters." *See Echols v. Express Auto, Inc.*, 857 F. App'x 224, 231 (Mem.) (citations omitted).

The costs here were not reasonable. *See* ECF No. 39-5 at PageID.708–09. Plaintiff's Counsel misused local counsel instead of managing expenses to prosecute the case. For example, Plaintiff's Counsel's travel from Miami Beach to Mid-Michigan was not warranted, as Plaintiff lives in Michigan and had local counsel. *See id.* at PageID.702. And it is less than clear why Plaintiff hired an expert to fly from Florida to Michigan rather than hire an expert who lives in Michigan, which Defendant did. And some of the expert fees appear unnecessary and duplicative. *Compare id.* PageID.708, *with id.* at PageID.709. This Court will not adorn the laurels of counsel who squanders the fruits of his labor.

The excessive costs of Plaintiff's expert, Mr. Pedraza, will be reduced from $7,500.00 to $2,000.00. Notably, the same people have presented the same issue to the same court. In deciding to award $2,000.00 for expert fees for Mr. Pedraza's two inspections, this Court stated the following:

> Expert witness Dave Pedraza's hours are also excessive, as are costs associated with his reports. His two vouchers, dated August 16, 2004 and February 28, 2005, appear to cover substantially the same work. The Court sees no reason why two inspections were necessary. Furthermore, Fuller, Fuller & Associates, who routinely retain Mr. Pedraza as an expert, filed four other ADA lawsuits in this District on the same date or within a week of the day this case was filed. Travel and other expenses associated with Mr. Pedraza's inspection could and should be spread among those several cases. The Court will therefore allow payment only for Mr.

> Pedraza's February 28, 2005 voucher (20 hours) at the rate of $100 per hour, for a total of $2,000.

*Disabled Patriots of Am., Inc. v. Taylor Inn Enters.*, 424 F. Supp. 2d 962, 969 (E.D. Mich. 2006) (footnote omitted). Here, as in *Disabled Patriots*, Mr. Pedraza submitted two vouchers, dated January 6, 2021 and December 13, 2021, which cover much of the same work. ECF No. 39-5 at PageID.708–09. It is not altogether clear why two identical inspections of the property were necessary, especially because Defendant had already agreed to remediate the property voluntarily. Mr. Fuller also filed this case within weeks of several other ADA lawsuits in and near Isabella County, Michigan. So the travel and other expenses associated with Mr. Pedraza's inspection "could and should be spread among those several cases." *Disabled Patriots*, 424 F. Supp. 2d at 969. And, in an amazing coincidence, Mr. Pedraza's December 13, 2021 voucher was for 20 hours of work, the same amount that he billed for travel and expenses to Michigan 17 years ago. *Id.*

For those reasons, the costs for Mr. Pedraza's tried-and-true work will be reduced from $7,500.00 to $2,000.00. Add that to the $10,000.00 award for attorney's fees, and Plaintiff's Counsel will be awarded a total of $12,000.00 for attorney's fees and costs.

## IV.

Plaintiff has also "requested that this Court order the Defendant to show cause for his intentional delay of this matter." ECF No. 43 at PageID.845. Sanctions are warranted, Plaintiff asserts, because "Defendant complained that the Plaintiff is not entitled to attorney's fees nor costs" before a final judgment has "been entered." *Id.* at PageID.843.

There are numerous ways to seek sanctions in federal court. *E.g.*, *Agarwal v. Morbarck, LLC*, 585 F. Supp. 3d 1026, 1029 (E.D. Mich. 2021) (denying sanctions under 28 U.S.C. § 1927 and the court's inherent authority), *aff'd*, No. 22-1348, 2022 WL 2092774 (Fed. Cir. June 10, 2022); *Trapp v. Fed. Express Corp.*, No. 1:21-CV-11271, 2022 WL 17832909, at *2 (E.D. Mich.

Dec. 21, 2022) (same under Federal Rule of Civil Procedure 37(c)); *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2023 WL 372641, at *5 (E.D. Mich. Jan. 24, 2023) (same under Federal Rule of Civil Procedure 11); *Victor v. Reynolds*, No. 1:20-CV-13218, 2023 WL 112459, at *3 (E.D. Mich. Jan. 5, 2023) (granting sanctions under Federal Rule of Civil Procedure 37(b)); *see also Clapper v. Clark Dev., Inc.*, 747 F. App'x 317, 322 (6th Cir. 2018) (discussing differences between civil and criminal contempt).

But Plaintiff has not identified any such legal authority. *See generally* ECF No. 43. For "lack of legal analysis," Plaintiff's Motion for Sanctions will be denied. *See In re Fustolo*, No. 1:19-CV-10343, 2020 WL 636449, at *4 (D. Mass. Feb. 11, 2020); *cf. Sorezo v. Buckingham Palace*, No. 1:22-CV-12540, 2023 WL 1816084, at *2 (E.D. Mich. Feb. 8, 2023) (citing *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2023 WL 372641, at *3 (E.D. Mich. Jan. 24, 2023)). And Defendants cured the factual basis for Plaintiff's request, acknowledged their remediation obligations, and have agreed to the entry of a final judgment. *See generally* ECF No. 44. For this reason, too, Defendant will not be sanctioned.

Although a final judgment will be entered, the case will not be closed so that this Court can ensure Defendant's compliance and payment to Plaintiff of attorney's fees and costs.

V.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Entry of Final Judgment and Attorney's Fees and Costs, ECF No. 38, is **GRANTED IN PART** and **DENIED IN PART** as follows: Final Judgment is **ENTERED** on Plaintiff's 17 prevailing ADA claims, and Plaintiff is **AWARDED** $12,000.00 in attorney's fees and costs.

Further, it is **ORDERED** that Plaintiff's Motion for Attorney's Fees, ECF No. 39, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendant is **DIRECTED** to remediate the 17 confirmed ADA violations **on or before August 30, 2023**.

Further, it is **ORDERED** that Plaintiff's Motion for Referral of Attorney's Fees to Magistrate Judge, ECF No. 22, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's Motion for Sanctions, ECF No. 43, is **DENIED**.

Further, it is **ORDERED** that this Court will **RETAIN** jurisdiction to ensure that Defendant remediates the ADA violations.

**This is a final order but does not close the above-captioned case**.

Dated: March 7, 2023              s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge